IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


ALINA ANABELLE ANCHETA,            )
                                   )
              Plaintiff,            )
                                   )
       v.                          )       1:11CV235
                                   )
LAW FIRM OF HUTCHENS, SENTER &     )
BRITTON, P.A., et al.,             )
                                   )
              Defendants.           )


              **MEMORANDUM OPINION, ORDER AND**
       **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

   This case comes before the Court on Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2), which Plaintiff thereafter amended (<u>see</u> Docket Entry 5). In addition, Defendant Luther Misenheimer has moved for an extension of time to answer. (<u>See</u> Docket Entry 6.) For the reasons that follow, the Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action without prejudice, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.[1] In light of that

---

[1] In the absence of a recommendation of dismissal, the undersigned Magistrate Judge would have denied Plaintiff's request for pauper status, because Plaintiff failed to complete the section of the instant Application that solicited information about her cash on hand and savings (<u>see</u> Docket Entry 1 at 2). Should this Recommendation be adopted and should Plaintiff choose to file a new complaint that corrects the defects that led to the recommended dismissal, Plaintiff must file a new <u>in</u> <u>forma</u> <u>pauperis</u> application that provides all of the requested information or she must pay the required filing fee.

recommendation, the Court will relieve Defendant Misenheimer of any obligation to file an Answer at this time.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as

it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

---

[2] An assessment of whether a complaint "states on its face a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly

DISCUSSION

In her Complaint (and Amended Complaint), Plaintiff generally has alleged that Defendants violated various federal and state legal proscriptions in connection with Plaintiff's residential mortgage loan and related foreclosure proceedings. (See Docket Entries 2, 5.)[3]

To a large extent, Plaintiff's claims rely on patently frivolous (and implausible) contentions; for example:

1) "the Courts of the State of North Carolina are so utterly corrupt and controlled by the United States Mortgage Finance Industry as to be incapable of policing the banking industry in the environment of the current mortgage foreclosure crisis and the associated financial meltdown, and [thus] all foreclosure matters should be federalized by judicial fiat" (Docket Entry 5 at 4);

2) "[t]he Federal Reserve Banking Scheme is based upon the deliberate and planned raising of interest rates by the Federal Reserve Bank of New York in October of 1929, and the subsequent deliberate crash of the stock market by them in 1929, called black

---

standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, 130 S. Ct. 2064 (2010).

[3] Plaintiff's amendment did not contain any substantive alterations of her Complaint, but rather only altered certain formatting matters, such as spacing and paragraph numbering. (Compare Docket Entry 2 with Docket Entry 5.) This Memorandum Opinion therefore will further cite only to the Amended Complaint.

4

Monday in order to get greater control over American government" (id. at 12);

3) "[a]ll bank loans in the continental United States are fraudulent in their very nature because the Federal Reserve Notes they are based on upon [sic] book keeping entries by the bankers and represent no value, and no valuable consideration and no pledging of the banks assets" (id.);

4) "[Plaintiff's] whole mortgage contract is based upon fraud and a lack of valuable consideration since Federal Reserve Notes have no intrinsic value whatsoever, and are just bookkeeping entries under the 1933 bankruptcy" (id.);

5) "Mortgage Defendants failed to lend this Plaintiff any real asset or any Legal Tender 'Dollars' as lawfully defined by the US Congress, and Article One, Section Ten of the United States Constitution in the form of US Silver Coin . . . [and] [a]s Mortgage Defendants have failed to lend Legal Tender within the Lawful definition of the term, the contractual agreement between these parties was breached by the original lender and anyone attempting to collect a debt pursuant to said note and deed of trust, including the Defendants" (id. at 14);

6) "The bankruptcy of the UNITED STATES . . . and [the establishment of] the fraudulent and pernicious Federal Reserve bankruptcy system . . . gave, through sedition, a financial stronghold to the international bankers who hold a stockholders

5

position in the Federal Reserve Bank/System, and who, are belligerent foreign principals in a dramatically altered American Government" (id. at 15);

7) "[t]he British Royal Family appears to be the real party in interest in the Federal Reserve System based upon the Treaty of Peace of 1783 and Jays Treaty, events, which appear to give-The [sic] British Royal Family a fraudulent dominion over the United States of America, as The 'Prince of the United States of America' in the First paragraph of the Treaty of Peace of 1783 . . . contrary to the explicit instructions given to the Treaty delegation of John Adams, Benjamin Franklin and John Jay by the Congress of the United States prior to their trip to Paris to negotiate the Treaty" (id. at 16);

8) "Defendants used this Federal Reserve Banking scheme to create money out of the promissory notes and a series of bookkeeping entries, rather than loaning something of substance or value . . . [and,] [a]s a result, [Plaintiff's] original mortgage is void, unenforceable and without force and effect, because of a lack of valuable consideration, and breach of contract" (id.);

9) "[t]here are only two people that can actually foreclose on [Plaintiff's] property and that's ERIC HOLDER, Arty [sic] General & SHAWN DONOVAN, Sec of HUD" (id. at 21);

10) "North Carolina law, as applied and construed, as a matter of custom, practice, and policy, has (ironically enough) empowered

Judges to exceed their jurisdiction so as to violate the civil rights of property owners in foreclosure disputes precisely by issuing a rule or guideline having the force and effect of law that judges should not, on their own initiative, question the standing of parties bringing foreclosure actions" (id. at 28); and

11) "the law in North Carolina now acts in 'willful ignorance and disregard' of massive violations of civil rights and participates as a knowing and intentional collaborator in the deprivation of private property without due process of law by denying property owners the full right to make and enforce contracts including the making, performance, and termination of contracts, including the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" (id.).

Other aspects of Plaintiff's claims are simply incomprehensible, such as:

1) "Plaintiff Ancheta is one on [sic] the People of North Carolina, has registered her exemption with the governor and Secretary of State of North Carolina, and request [sic] equitable control for recognition of the North Carolina Constitution and refuses to be held in involuntary servitude by the other party" (id. at 4-5);

2) "there shall be two originals of the above captioned process . . . [and] [t]he District Court of the United States for the District of Columbia shall be the holder in due course of one

original, and [Plaintiff] shall be the holder in due course on the second original" (id. at 6);

3) "Plaintiff Alina Anabelle Ancheta, calls upon the Federal Trade Commission an independent agency of the United States Government created and given statutory authority and responsibility by the FTC Act" (id. at 8);

4) "[t]he lender in [sic] endorsed the note with an endorsement stamp that proves that they converted the note into a bank deposit as a source of funding for the loan, making the entire transaction a mutual loan between the lender and the borrower" (id. at 11);

5) "[Plaintiff] is not a US Citizens [sic] under the jurisdiction of Washington, D.C., and [Plaintiff is] not co-bankrupt debtor for this fraudulent debt, and [Plaintiff] is not part of the fraudulent Federal Reserve Banking Scheme" (id. at 13);

6) "[t]he book keeping entries required by application of GAAP and the Federal Reserve's own writings should trigger close scrutiny of the Defendant's [sic] apparent assertions that it lent its funds, credit, or money to or on behalf of the Plaintiff, thereby causing them to owe the Defendants money" (id. at 17);

7) "[t]he Uniform Commercial Code also reflects these principals of common law that once a debtor makes a good faith offer of performance and it is not accepted, the obligation is extinguished, pursuant to UCC 3-603" (id. at 18);

8) "[w]hen it comes to being stripped of rightful ownership of [Plaintiff's] land by someone who has no standing to sue and no right of subrogation, the Defendants have committed a due process violation" (id.);

9) "[Plaintiff] has a right to be free to make full use and dominion of his property without being deprived of his rights under the land grant which has the force and effect of a treaty" (id. at 19);

10) "Plaintiff tendered a payment instrument in the form of a negotiable instrument in the amount of $172,550.00 dollars in the name of Long Island Saving Bank, FSB, Astoria Federal Savings . . . [which] was not honored, but kept and no notice of dishonor was ever received by [Plaintiff] with no stated objection . . . [and thus] [p]ursuant to UCC 3-603 the debt has been discharged" (id. at 20); and

11) "[u]pon discovering Regulation 'Z' was violated by failure to provide the 72 hour notice to rescind the transaction . . . the rescission letter was mailed . . . giving them 20 days to rescind the loan transaction on [Plaintiff's property]" (id. at 21).

Finally, settled law forecloses additional elements of Plaintiff's claims, including that:

1) "[t]he Seventh Amendment requires the mortgage lender to file a civil action against [Plaintiff] for recovery of the subject property, when they have standing to sue for such recovery and

9

obtain a court order prior to holding a sale of the subject property on the court house steps in a public auction . . . [and] [t]he very clear and unambiguous language of the Seventh Amendment, mandates that a trial by jury must occur, where the matter in controversy exceeds twenty dollars" (id. at 9-10; see also id. at 13 (alleging that "Branch Banking & Trust Co., Astoria Federal Savings & Loan Assoc., [and] The Long Island Savings Bank FSB" denied Plaintiff her right to "a trial by the jury of [her] peers, as required by the Fifth and Seventh Amendments"));[4] and

2) "the language of 42 U.S.C. § 1981 referring to 'white' people or citizens of the United States is archaic . . . [and] permitting foreclosure suits by legal (artificial) persons or corporate entities who present papers clearly indicating their own lack of standing to sue constitute an impairment of the rights secured by 42 U.S.C. § 1981" (id. at 29-30).[5]

---

[4] "If the case was brought in a state court . . ., the Seventh Amendment would not figure in the case, for it is inapplicable to proceedings in state court." Osborn v. Haley, 549 U.S. 225, 252 n. 17 (2007) (citing Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 217 (1916)); see also Heghmann v. Fermanian, No. 99-336-9-H, 2000 WL 898457, at *4 (D. Me. June 16, 2000) (unpublished) ("The Fifth Amendment, which guarantees the rights of due process and equal protection invoked by the complaint, cannot be interpreted to provide a constitutional right to a jury trial in state courts, when the specific guarantee of that right in the Seventh Amendment does not apply to the states.").

[5] Section 1981 does protect "whites," as well as persons of other races, see McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 285 (1976); however, it does not provide a vehicle for challenging alleged violations of "rights" in general, but instead "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship," Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (emphasis added).

Once the Court peels back the layers of frivolous (and implausible) assertions, incomprehensible contentions, and legally-foreclosed claims from Plaintiff's Complaint (and Amended Complaint), nothing remains but conclusory allegations that Defendants violated various federal and state statutes and/or constitutional provisions. Plaintiff has failed to provide any non-frivolous, plausible factual matter that, if accepted as true, would allow her to prevail on any identifiable cause of action. Accordingly, the Court should dismiss this action under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

However, because Plaintiff has adverted (albeit in conclusory fashion) to alleged violations of certain federal statutes that do provide some protections to individuals in connection with residential mortgages and debt collection (such as the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 et seq., the Truth in Lending Act and the related Home Ownership Protection Act, 15 U.S.C. §§ 1601 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.) and because Plaintiff has proceeded without the benefit of counsel, it is recommended that the Court make this dismissal without prejudice to Plaintiff filing a proper complaint that sets forth good-faith, non-frivolous, factually-supported, plausible claims related to her residential mortgage loan and any related foreclosure proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed as a pauper (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL WITHOUT PREJUDICE**.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

**IT IS FURTHER ORDERED** that Defendant Luther Misenheimer's Motion for Extension of Time (Docket Entry 6) is **GRANTED** with the following modification: Defendant Misenheimer need not file an Answer unless and until ordered to do so by this Court.

                                         /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                                   **United States Magistrate Judge**

April 26, 2011